IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE WALLING COMPANY LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SCOTT KESTERSON, MARY KESTERSON, ANDY DALY, CURT DOWDING, MITCH MCKNIGHT, and HEAT EXCHANGER GROUP, INC.,<br><br>　　　　　Defendants. | **8:25CV294**<br><br><br>**ORDER** |

　　　　This matter is before the court on Plaintiff's Motion for Leave to File Confidential Exhibits Under Seal. (Filing No. 39). The court has confirmed with counsel that the intention is for the documents filed in support of Plaintiff's Motion for Preliminary Injunction be restricted to case participants in the court. (Filing No. 40, filed with redactions; Filing No. 43, provisionally restricted). Defendants oppose Plaintiff's motion, arguing that the documents should be accessible to the public. (Filing No. 42).

　　　　Under common law, judicial records and documents have been historically considered open to inspection by the public.[1] *In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 573 (8th Cir.1988); see also *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). Accordingly, there is a common-law presumption in favor of public access to judicial records. *United States v. McDougal*, 103 F.3d 651, 657

---

[1] The Eighth Circuit has not decided whether there is a First Amendment right of public access to the court file in civil proceedings. *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 792 (8th Cir. 2021), cert. denied sub nom. *3M Co. v. Amador*, 142 S. Ct. 2731 (2022).

1

(8th Cir.1996); see also, *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir.2013). This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and keep a watchful eye on the workings of public agencies. *IDT Corp.*, 709 F.3d at 1222; see also *Nixon*, 435 U.S. at 597–98. The common law right of access to judicial records is not absolute, and "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598-99.

Records or parts of records are sometimes sealed for good reasons, including the protection of confidential business information and trade secrets. See *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1199 (D. Neb. 2015); NECivR 5.3(b). So, when determining whether access to a document should be restricted, the court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the interests served by maintaining confidentiality of the information sought to be sealed." *Id.* (citing *IDT Corp.*, 709 F.3d at 1222). See *Wilbur-Ellis Co. LLC v. Gompert*, No. 8:21CV340, 2022 WL 17736773, at *6 (D. Neb. Dec. 16, 2022), aff'd, No. 8:21CV340, 2023 WL 375125 (D. Neb. Jan. 24, 2023).

Plaintiff alleges a group of former employees, now employed by Defendant Heat Exchanger Group, Inc., coordinated to misappropriate Plaintiff's confidential and trade secret information, solicit TWC's end-user and manufacturers, and gut TWC's long-established business relationships, all in violation of their contractual and common law obligations. (Filing No. 1; Filing No. 37). Plaintiff asserts Defendants downloaded large quantities of proprietary data and used this information to divert Plaintiff's business to HEG both before and after their resignations. (Id).

Defendants argue that one of the documents Plaintiff seeks to restrict (Curt Dowding's Employment Agreement) was filed on the docket in support of the Motion to Dismiss (Filing No. 21) without Plaintiff requesting that it be restricted or sealed. While

2

this lends support to Defendants' argument that Plaintiff's request for restriction is overbroad, Plaintiff seeks to restrict many more documents, beyond that particular employment agreement, and the court must review Plaintiff's request as a whole. Defendant also objects to Plaintiff's failure to provide copies of the unrestricted documents to counsel at the time of the motion. Since Defendants' brief, the documents have been filed provisionally restricted, and Defendants now have access. This issue has been remedied.

Plaintiff's preliminary injunction (Filing No. 37), and Defendants' motions to dismiss (Filing Nos. 16, 20 and 23) are pending before Senior U.S. District Judge Bataillon, and the purported taking and misuse of proprietary information is an open question. At this time, the court finds restriction of the documents filed in support of the preliminary injunction is appropriate. However, Defendants are not precluded from filing a motion to lift the restrictions as the case progresses.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File Confidential Exhibits Under Seal is granted, in part. (Filing No. 39). Filing No. 43 is <u>restricted</u> to case participants and the court.

Dated this 14th day of July, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge