IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE WALLING COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT KESTERSON, MARY KESTERSON, ANDY DALY, CURT DOWDING, MITCH MCKNIGHT, and HEAT EXCHANGER GROUP, INC.,<br><br>Defendants. | **8:25CV294**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on three motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(1) and (6) including: (1) Defendants Mary and Scott Kesterson's motion, Filing No. 16; Defendants Andy Daly, Curt Dowding, and Mitch McKnight's motion, Filing No. 20; and Defendant Heat Exchanger Group's motion, Filing No. 23.

## BACKGROUND

Plaintiff alleges that:

This case arises from a coordinated effort by former employees of TWC to misappropriate confidential and proprietary business information, breach contractual obligations, and divert customers and manufacturer relationships to a competing business. After resigning from TWC, Defendants S. and M. Kesterson, along with Andy Daly, Curt Dowding, and Mitch McKnight, joined Defendant HEG but used TWC's trade secrets, internal pricing and quote data, strategic plans, and customer information to unfairly compete in the same market.

In a nutshell, while still employed with Plaintiff, the former employees joined HEG and began marketing and selling products to Plaintiff's clients, through HEG, using Plaintiff's confidential information, trade secrets, goodwill, and deep-rooted business as their platform.

Filing No. 29 at 14–15.

Fed. R. Civ. P. 12(b)(6) empowers the Court to dismiss a case for "failure to state a claim." The question on a 12(b)(6) motion is whether the complaint contains sufficient factual

1

allegations to "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true" or a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). On a motion to dismiss, the Court must "draw all reasonable inferences in the nonmovant's favor." *Ingram v. Arkansas Dep't of Correction*, 91 F.4th 924, 927 (8th Cir. 2024) (internal citations omitted).

## DISCUSSION

### A. *Plaintiff's Arguments*

Plaintiff alleges that these former employees misappropriated confidential and proprietary business information, breached their contractual obligations, and diverted their manufacturer relationship to a competing business. Plaintiff states that there are a number of allegations in the Complaint, and these assertions comply with the standards and requirements of Fed. R. Civ. P. 8. Plaintiff notes that it has three federal claims: Count I: misappropriation of trade secrets, 18 U.S.C. § 1836; Count II: Computer Fraud and Abuse ("CFAA"), 18 U.S.C. § 1030; and Count III: Stored Communications Act, 18 U.S.C. § 2707. Plaintiff contends it need not delineate a particularity requirement for pleading a trade secrets case. Rather, many of these issues must not be determined on a motion to dismiss. *Design Nine, Inc. v. Arch Rail Grp., LLC*, No. 4:18 CV 428 CDP, 2019 WL 1326677 (E.D. Mo. Mar. 25, 2019); *Roeslein & Assocs., Inc. v. Elgin*, No. 4:17 CV 1351 JMB, 2019 WL 195089 (E.D. Mo. Jan. 15, 2019). The court in *Sterling* stated that a plaintiff must allege (1) it possessed information that derived independent economic value from not being generally known; (2) the information was not readily ascertainable by others; and (3) the plaintiff took reasonable measures to maintain its secrecy. 18 U.S.C. § 1839(3). "[A]t this [motion to dismiss] stage of the proceedings is an allegation that [the defendant] misappropriated [the plaintiff's] trade secrets sufficient to put the defense on notice as to the nature of the claim."

*Sterling Computers Corp. v. Haskell*, No. 4:17-CV-04073-KES, 2018 WL 671210 (D.S.D. Feb. 1, 2018).

Plaintiff argues that these allegations are not vague and boilerplate but reflect distinct categories of non-public information developed through years of business experience. Scott Kesterson and Thomas Daly allegedly forwarded confidential quotes and pricing data from The Walling Co.'s ("TWC") systems while still employed. Filing No. 1 at 16, ¶¶ 105–06. Curt Dowding allegedly downloaded 146 folders of proprietary customer files from TWC systems upon resignation and provided those materials to Heat Exchanger Group ("HEG"). *Id.* at 18, ¶ 116. HEG knowingly received and used TWC's proprietary data.

B. *Motion to dismiss by Mary Kesterson and Scott Kesterson, Filing No. 16*

The Kestersons move this Court to dismiss the complaint for damages and injunctive relief.[1] Plaintiff has asserted three federal claims, Counts I through III, (the "Federal claims") and sixteen state law claims (the "State Law Claims"), Counts IV through XIX. *See* Filing No. 1. Federal claims, Counts II and III are asserted against Scott Kesterson only.

1. *Trade Secret, Count I*

The Kestersons argue that Count I fails to state a claim under Fed. R. Civ. P. 12(b)(6). TWC's theory of the case is that the defendants engaged in illegal competition and used TWC's trade secrets. TWC sued under the federal Defend Trade Secrets Act ("DTSA") (18 U.S.C. §§ 1836–39). TWC contend that both Kestersons took many of its files and documents that are trade secrets.[2]

> To succeed on a misappropriation of trade secrets claim, the plaintiff must prove:(1) the existence of a trade secret; (2) the value and importance of the trade secret to the employer in the conduct of its business; (3) the employer's

---

[1] The Court already addressed the motion for injunctive relief, Filing No. 61, and it will not be readdressed in this Memorandum and Order.

[2] However, as pointed out in this Court's Memorandum and Order, Filing No. 61 at 17, Scott Kesterson and Dowding have spent months trying to return these files to The Walling Company.

3

right by reason of discovery or ownership to the use and enjoyment of the secret; and (4) the communication of the secret to the defendant while [ ] employed in a position of trust and confidence and under circumstances making it inequitable and unjust [ ] to disclose it to others or to use it [ ] to the employer's prejudice.

*Retzlaff Grain Co., Inc. v. Eggli*, No. 8:20CV289, 2024 WL 4416804, at *12 (D. Neb. Oct. 4, 2024); *see also* 18 U.S.C. § 1836.

[W]hile a 'plaintiff need not spell out the details of the trade secret' in the complaint, it must 'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge . . . of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'

*Streck, Inc. v. Ryan*, No. 8:17CV494, 2022 WL 2466798, at *12 (D. Neb. Feb. 4, 2022).

In general, the Complaint's broad tent of trade secrets includes such topics as: TWC's business format and practices; customers' names, key employees, and decision makers; customer's and manufacturer's needs and operations; general know-how required to best provide services and customer-centric solutions; TWC's outward-facing marketing initiatives; and finally TWC's sales programs, tools, forms, and processes. Filing No. 1 at 6–7, ¶ 35.

The Court has carefully reviewed the Complaint, and the documents relevant to this motion. The Court finds that Plaintiff alleged with specificity that the defendants have violated its trade secrets. For purposes of this motion, the Court finds it has subject matter under the trade secrets statute as set forth in the allegations of the Complaint.

2. *Alleged violation of the CFAA, Count II*

The CFAA prohibits "intentionally access[ing] a computer without authorization or exceed[ing] authorized access," 18 U.S.C. § 1030(a)(2), as well as "intentionally access[ing] a protected computer without authorization" and causing "damage and loss," 18 U.S.C. § 1030(a)(5)(C). *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136 (9th Cir. 2009).

In order to establish liability under the CFAA, Plaintiff must prove that Scott Kesterson: (1) knowingly accessed without authorization or by exceeding authorization accessed a protected computer; (2) obtained information from the protected computer; (3) that the protected computer was involved in interstate commerce; and (4) that Plaintiff sustained damages over $5,000 as a result of the statutory violation. 18 U.S.C. § 1030 (a)(2)(C); (e)(2); and (c)(4)(A)(i)(I).

The Court has carefully reviewed the complaint in this regard. Based on the elements above, the allegations are sufficient to state a claim under CFAA.[3] These allegations are not conclusory and do state a claim under CFAA. The Complaint alleges that "Defendant S. Kesterson's access to TWC's Computers and email servers was disabled and revoked by TWC and its technology vendors." Filing No. 1 at 16, 17, ¶¶ 108, 111.

In addition, Plaintiff must plead a tangible loss of at least $5,000 in a one-year period to support a claim under CFAA. 18 U.S.C. § 1030(c)(4)(A)(i)(I); *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559 (2d Cir. 2006) ("Plaintiffs must meet this jurisdictional threshold in order to sue on any of the five CFAA claims they assert."). With regard to the requirement that a plaintiff must incur more than $5,000 in damages, "[Plaintiff] need only allege the expenditure of 'reasonable costs' exceeding $5,000 in response to [Defendant's] alleged offense." *DatabaseUSA.com, LLC v. Infogroup, Inc.*, No. 8:17-CV-386, 2018 WL 11399172, at *5 (D. Neb. Mar. 27, 2018) (denying motion to dismiss CFAA claim).

---

[3] Plaintiff alleges that Kesterson:
  a. Delet[ed] TWC communications and information from TWC's email servers and Computers;
  b. Direct[ed] and facilitate[ed] others in deleting communications and information from TWC's email servers and Computers;
  c. Access[ed] TWC's email servers and forwarded emails from within TWC's email servers and Computers to outside email servers,
  d. Review[ed] and utilize[ed] the content of email messages and attachments contained on TWC's email servers.
Filing No. 1 at 25, ¶ 178.

Scott Kesterson allegedly accessed TWC's protected servers without authorization following his resignation, and that this access caused recoverable losses such as forensic investigation and data recovery efforts. The Court finds that these allegations, coupled with the Court's previous determinations, are sufficient to state a claim.

3. *Violation of Stored Communications Act, Count III*

Scott Kesterson likewise argues that Plaintiff failed to sufficiently plead that he downloaded and stored Walling emails and confidential information on his personal computer. Filing No. 1 at 16–17, ¶¶ 107–08, 111. However, to succeed on its claim for violation of the SCA, Walling must plead and prove that Scott Kesterson accessed without authorization (or exceeding authorization) "a facility through which an electronic communication service is provided" and thereby "obtain[ed] . . . electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(a). There are no allegations that Scott Kesterson hacked into an email server. "[E]lectronic storage encompasses only the information that has been stored by an electronic communication service provider, and not information that an individual stores to his hard drive." *Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 793 (5th Cir. 2012).

TWC alleges that Scott Kesterson accessed Plaintiff's email servers "on multiple occasions, and reviewed, transmitted, and used the contents of emails while they were in electronic storage." Filing No. 1 at 26, ¶ 186. Scott Kesterson argues that this does not comply with the definition of "electronic storage" as cited herein. *See EMC Outdoor, LLC v. Stuart*, No. CV 17-5172, 2018 WL 3208155, at *4 (E.D. Pa. June 28, 2018) aff'd sub nom. *Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020) (dismissing SCA counterclaim because counterclaim failed to allege "when and/or how [the Counterclaim-Defendant] accessed [the Counterclaim-Plaintiff's] e-mail"); *Corley v. Vance*, 365 F. Supp. 3d 407, 450–51 (S.D.N.Y.

6

2019) (finding insufficient to survive a motion to dismiss plaintiff's "threadbare allegations . . . that the Government Defendants intercepted his communications 'through' the Corporate Defendants").

The Court finds that the allegations are sufficient for purposes of the motion to dismiss. TWC alleged that:

> 183. Through the actions and omissions as set forth herein, Defendant S. Kesterson knowingly and intentionally accessed without authorization a facility through which an electronic communication service is provided and thereby gained unauthorized access to Plaintiff's information. Specifically, through this unauthorized access, Defendant S. Kesterson obtained access to electronic communications while they were in electronic storage.

> 184. TWC's privacy and security safeguards ensure that the information on its Computers, systems, and the facility through which TWC's electronic communication service is provided is restricted to authorized individuals acting within the scope of their authority.

> 185. Defendant S. Kesterson was not authorized to use TWC's Computers, its systems, and the facility through which TWC's electronic communication –is provided.

> 186. Defendant S. Kesterson, without access or authorization, accessed TWC's Computers, systems, and email servers on multiple occasions, and reviewed, transmitted, and used the contents Among other acts and omissions as set forth herein, Defendant S. of emails while they were in electronic storage.

> 187. Defendant S. Kesterson's actions also altered or prevented authorized access to electronic communications while the information was in electronic storage.

> 188. At the time of access, the emails and other electronic communications set forth herein were being stored by an electronic communication service for the purposes of backup protection of said communications.

> 189. Defendant S. Kesterson's actions as set forth herein were willful and intentional.

Filing No. 1 at 26–27. The Plaintiff has alleged sufficient facts to permit this case to proceed to discovery.

**C. Defendants Curt Dowding, Andy Daly, and Mitch McKnight's motion to dismiss, Filing No. 20 and Heat Exchanger Group, Filing No. 23**

Plaintiff pleads the following claims against these three individual defendants in

**Count I** (Against All Defendants): Misappropriation of Trade Secrets: Under the Defend Trade Secrets Act, 18 U.S.C. § 1836;

**Counts VII** (Against Mr. Daly) and **IX** (Against Mr. Dowding): Breaches of Employment-Related Contracts Containing Non-Solicitation Provisions (TWC does not assert a breach of contract claim against Mr. McKnight);

**Counts VIII** (Against Mr. Daly), **X** (Against Mr. Dowding), and **XII** (Against Mr. McKnight): Breaches of Duty of Loyalty;

**Count XIII** (Against All Defendants): Tortious Interference with a Business Relationship or Expectation;

**Count XV** (Against All Defendants): Civil Conspiracy;

**Count XVI** (Against All Defendants): Nebraska Trade Secrets Act Neb. Rev. Stat. § 87-501;

**Count XVII** (Against All Defendants): Nebraska Consumer Protection Act and Common Law Unfair Competition: Neb. Rev. Stat. § 59-1602;

**Count XVIII** (Against All Defendants): Nebraska Uniform Deceptive Trade Practices Act Neb. Rev. Stat. § 87-302; and

**Count XIX** (Against All Defendants): Unjust Enrichment.

The only federal claim against all three defendants involves Count I for violation of the federal trade secret statute. Defendants contend that Plaintiff failed to plead with the required specificity as to what trade secrets were misappropriated Plaintiff "must describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge . . . of special persons who are skilled in the trade, and to permit the

8

defendant to ascertain at least the boundaries within which the secret lies." *Streck, Inc.,* 2022 WL 2466798, at *12. Plaintiff alleges:

> TWC's business format and practices; TWC's pricing and commission policies, structures, formulas, and methods; quotes issued by TWC or on behalf of TWC; product schematics and models; TWC's know-how and operating practices; the terms and conditions of TWC's agreements with Manufacturers and Customers; information developed and maintained over the years relating to TWC's Customer names, key employees and decision-makers; Customers and Manufacturers' needs, operations preferences, service and sales histories, current equipment and machinery in place, price structures, and other customer-specific information, including the know-how required to best provide services and customer-centric solutions to that Customer or Manufacturer; TWC's methods and systems to deliver services and products to its Customers and Manufacturers; TWC's marketing processes, strategies, and initiatives; TWC's business plans to pitch Manufacturers for relationships and territories; the manner in which TWC bids for Customer jobs and wins bids; TWC's customer, manufacturer, vendor, consultant, employee, independent contractor, temporary labor, supplier, distributor, and equipment lists, aggregated Customer and Manufacturer data and information, and TWC's sales programs, tools, forms, and processes (collectively, the "Confidential and Trade Secret Information").

Filing No. 1 at 6–7, ¶ 35.

Plaintiff states that it has sufficiently alleged that these defendants intentionally accessed TWC's email servers without authorization and reviewed and used emails stored at TWC. The CFAA prohibits "intentionally access[ing] a computer without authorization or exceed[ing] authorized access," 18 U.S.C. § 1030(a)(2), as well as "intentionally access[ing] a protected computer without authorization" and causing "damage' and loss," 18 U.S.C. § 1030(a)(5)(C). *See LVRC Holdings LLC,* 581 F.3d at 1136. Again, as stated previously with regard to the defendants herein, the Court finds the allegations are sufficient and the Court will deny this motion to dismiss.

Further, with regard to Heat Exchanger Group, Inc. 's motion to dismiss, Filing No. 23, the Court finds that the Complaint specifically alleges that Heat Exchanger accessed TWC's live email servers and reviewed and used messages that were still stored by the

9

system—i.e., not simply documents saved to a personal device.  Filing No. 1 at 25, 26–27 ¶¶ 178(c)–(e), 183–88.[4]  Plaintiff alleges that Heat Exchanger knowingly received and used TWC's proprietary data and internal documents through its employees and have benefited from a coordinated scheme to poach TWC's customers and manufacturers.  The Complaint alleges Scott Kesterson solicited customers, Filing No. 1 at 17–18, ¶¶ 112–15, diverted orders to HEG, *id.* at 14 ¶ 82, and misappropriated confidential information.  *Id.* at 16 ¶¶ 107–08, all post-termination but within one year.  Filing No. 1 at 15 ¶¶ 92–93, 124–26, and 158–60.  As alleged, Scott Kesterson began conspiring with HEG in June 2024, *id.* at 13 ¶ 78 ultimately diverting customer orders, *id.* at 14 ¶ 82.  These allegations are sufficient to state a claim against Heat Exchanger.

### D. Supplemental Jurisdiction

The Court may exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a). But it is in the Court's discretion to decline supplemental jurisdiction over state law claims. *Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 872 (8th Cir. 2024).  If all federal claims are dismissed, then supplemental jurisdiction should nearly automatically be declined.  *See Aldridge v. City of St. Louis, Missouri*, 75 F.4th 895, 901 (8th Cir. 2023) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal citation and quotation omitted).

---

[4] Heat Exchanger joins the motions to dismiss, Filing No. 16 and Filing No. 20, on behalf of the other defendants.  Again, there is only a single federal claim against Heat Exchanger, and that is set forth in Count I, which is under the Defend Trade Secrets Act.

Because the Court finds that Plaintiff sufficiently alleges facts to support the federal law claims, the Court likewise finds sufficient claims to support the state law actions at this time. The Court, therefore, will invoke supplemental jurisdiction over those claims.

THEREFORE, IT IS ORDERED THAT the Motions to Dismiss, Filing No. 16, Filing No. 20, and Filing No. 23, are denied as set forth herein.  Following discovery, if the parties believe additional motions are necessary to address these causes of action, they may file appropriate motions at that time.

Dated this 24th day of March, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

11